# EXHIBIT A

SUMMONS                          SC-85-1                          Clyde Castleberry Co., Covington, GA 30015

# IN THE SUPERIOR/STATE COURT OF ___Henry___ COUNTY
## STATE OF GEORGIA

Bacchus A. Jackson

CIVIL ACTION
NUMBER ___18CV0976 AM___

**PLAINTIFF**

VS. Jackson   Bacchus   X

Ditech  Financial  LLC
Optam  Financial  Services LLC
McCallay  Raynier  Leibert  Pierce  LLC
**DEFENDANTS**

Ditech  Finan

Optam

Mc

FILED IN OFFICE
HENRY COUNTY
SUPERIOR COURT
APR 02 2018
Jackson Barbara A Harrison
CLERK OF SUPERIOR COURT

## SUMMONS

TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Bacchus A. Jackson
1130 East Shoreview Pond
McDonough, Georgia 30253

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This __2__ day of ___April___, 20__18__.

Clerk of Superior/State Court

Barbara A Harrison

BY_____

Deputy Clerk

INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

IN THE SUPERIOR COURT OF HENRY COUNTY
STATE OF GEORGIA

Bacchus D. Jackson

Plaintiff,

vs

Ditech Financial LLC,
Opteum Financial Services LLC,
McCalla Raymer Leibert Pierce LLC

Defendants.

Civil Case Number

**FILED IN OFFICE
HENRY COUNTY
SUPERIOR COURT**

APR 0 2 2018

*Barbara A Harrison*
**CLERK OF SUPERIOR COURT**

COMPLAINT FOR PERMANENT INJUNCTION FOR
CEASE AND DESIST ANY AND ALL FORECLOSURE PROCEEDINGS AND COLLECTION ACTIVITY, IN
ANY AND EVERY, INCLUDING REPORTING ANY PAYMENT ACTIVITIES; AND OTHER EQUITABLE
RELIEF

COMES NOW, Bacchus D. Jackson "Plaintiff" by and through undersigned counsel stating the

following:

1.

Plaintiff's mortgage is / was inactive as published by the nominee for mortgagee MERS website

2.

Plaintiff's Preliminary objection was overruled because the court ordered Plaintiff to file an Answer to Defendant's

original answer which the Plaintiffs complied to However, Defendant failed to file a response to Plaintiff's answer

and instead filed a Preliminary objection only to Plaintiff's counterclaim

3.

Defendant's statement lacks clarity and Defendant lacks the capacity to sue. The Plaintiff issued an instrument

"note" for value and consideration to the original lender known as Opteum Financial Services LLC. Opteum

Financial Services LLC became holder in due course because the instrument "note" was issued for value in good

faith. The original lender  Opteum Financial Services LLC accepted the instrument "note" for full satisfaction of

the antecedent claim "mortgage". The nominee for mortgage MERS deemed the antecedent claim as inactive and

cancelled the FHA account after the original lender / mortgagee became holder in due course and accept the said

instrument "note" for value as a form of payment from the Plaintiff of this case. This Court does not have a

justifiable cause and lacks the ability to invoke its own subject matter jurisdiction.

1

4.

Plaintiff's pleading fully relates to Defendant original complaint which alleges that the Plaintiff's mortgage is in default. However the original lender or its nominee for mortgagee has never filed an action in this court against the said Plaintiff and the mortgage was deemed inactive by the nominee for mortgage MERS as evidence on their website.

5.

Georgia Rule of Civil Procedure does enable a party to file Preliminary objections for failure of a pleading to conform to law or rule of court or inclusion of scandalous or impertinent matter; providing the matter is valid. However Defendant in this matter being the foreclosing party is not the genuine party of interest in the matter and is barred from making any claims against Plaintiff especially because the Plaintiff's mortgage is inactive and is therefore not valid. Also any alleged assignment of the inactive mortgage to Defendant is null and void because it was a fraudulent assignment.

6.

Plaintiff may plead a counterclaim which arises from the same transaction or occurrence or series of transactions or occurrences from which the defendant's cause of action arose. Defendant claims to have been assigned Plaintiff's mortgage and therefore has the right to foreclose against the Plaintiff. However this rule does not apply to this case because Plaintiff's mortgage is inactive and is therefore invalid, making any alleged assignment of the inactive mortgage to Plaintiff null and void

7.

Defendant's original complaint alleges that the Plaintiff was in default of their mortgage. However Opteum Financial Services LLC gave the Plaintiff value and consideration for their "note" which made  Opteum Financial Services LLC holder in due course of the said note and in turn terminated their mortgage and deem it inactive as evidence by the nominee for mortgagee MERS website where the mortgage was / is listed in an inactive statue. Furthermore the Plaintiff was the issuer and creator of the note and therefore determines the intent of the note.

8.

Defendants have not entered into the record that Plaintiff's mortgage was / is not active as published by the nominee for mortgagee MERS website nor has Defendants shown in the records how an alleged assignment of a published inactive mortgage gives them the right to foreclose against the Plaintiff

2

9.

Plaintiff entered into the record irrefutable evidence and facts that supported by Plaintiff's "notes", MERS website to show evidence of an invalid mortgage, fraudulent assignment including the one that the Defendants are alleging as well as proof that Plaintiff was given value and consideration for their "note". Defendant entire complaint is frivolous and Defendant should be name a vexatious litigant and has not enter anything into the record to the contrary to what the Plaintiff has entered into the record

10.

Plaintiff's points are facts and not allegation. Plaintiff entered into the records supporting their invalid mortgage as well as proof that the Plaintiffs were given consideration for their note. Defendant has not entered anything into the record to the contrary. The fact that the nominee for mortgagee MERS advertises on its website that the mortgage is / was inactive, proves that the Plaintiff had a right to rebut all of the Defendant's allegations and presumptions of this case and shifts the burden of proof back over to the Defendants to prove that they are entitled to relief and calls into question the justifiability of this case. This court lacks subject matter jurisdiction in the absence of a justifiability cause

11.

All of the Plaintiff's facts pertain to the creation of the mortgage. For example Plaintiff's 3rd point asserts Plaintiff gave the "note" to Opteum Financial Services LLC was given value and consideration for their asset as evidence by MERS website showing the mortgage in an inactive status. Plaintiff is / was the issuer and creator of the note and therefore determines the intent of the note. Defendants have not entered into the record evidence to contrary. Because mortgage was deemed inactive by the nominee for mortgage MERS any assignment is null and void. Alleged assignment of inactive mortgage to Defendant is null and void because it was fraudulent. Also Plaintiffs are the maker and issuer of said "note" identified in this case, the note was not issued as an incomplete instrument, it was not intended to be used as a promissory note and any alterations such as adding the word promissory to the word note or any changes to the numbers in the note would be in direct violation of Georgia Code and because as the maker and issuer of the original "note" that is listed in this case, the Plaintiff did not assent to any changes nor has the Plaintiff ever been precluded from asserting any alteration to the "note"

12.

Defendant's statement lacks clarity and Defendants lacks the capacity to sue. The Plaintiff issued an instrument

3

"note" for value and consideration to the original lender known as Opteum Financial Services LLC. Opteum

Financial Services LLC became holder in due course because the instrument "note" was issued for value in good

faith. The original lender Opteum Financial Services LLC accepted the instrument "note" for full satisfaction of

the antecedent claim "mortgage". The nominee for mortgagee MERS deemed the antecedent claim as inactive and

cancelled the FHA account after the original lender / mortgagee became holder in due course and accept the said

instrument "note" for value as a form of payment from the Plaintiff of this case. This court does not have a

justifiable cause and lacks the ability to invoke its own subject matter jurisdiction.

13.

Plaintiff's mortgage is inactive and is not subject to foreclosure as published by the nominee for mortgagee MERS

website

14.

Preliminary objections may be filed when a pleading is legally insufficient. In this case Defendant's objections to

Plaintiff's claim is legally insufficient due to the fact that the Defendant foreclosed on an invalid mortgage

15.

Plaintiff's mortgage is inactive and is not subject to foreclosure law. Plaintiffs gave the "note" to Opteum Financial

Services LLC and was given value and consideration for their asset as evidence by MERS website showing the

mortgage in an inactive status. Because the Defendants have trespassed upon the Plaintiff's liberty, trespassed

upon a case, trespassed upon the Plaintiff's constitutional rights, has unjustly enriched themselves, has violated the

Unfair Debt Collections Act and has cause various other injuries to the Plaintiffs in this case, the Plaintiff is

entitled to a counterclaim in this case.

16.

Plaintiff's counterclaim is based on Defendant's original complaint / answer claiming that the Plaintiff's mortgage

was in default. Plaintiff's mortgage is / was inactive and is therefore not valid therefore Defendant's complaint /

answer is legally insufficient and does not quality to be in court supporting Plaintiff's claim. Therefore, Defendants

lacked standing to sue any performance in this said case is an injury to the Plaintiff and entitles Plaintiff to relief.

4

PLAINTIFF'S BRIEF MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S
PRELIMINARY OBJECTIONS TO PLAINTIFF'S CLAIMS

MATTER BEFORE THE COURT

Defendant alleges that the Plaintiff signed a promissory note but has not entered into the court records any proof
that the Plaintiffs did not issue the note to  Opteum Financial Services LLC to be used for the purpose of a draft
and not as a promissory note.  To the contrary, Opteum Financial Services LLC gave the Plaintiff value for their
note which made Opteum Financial Services LLC holder in due course of the said note and in turn terminated their
mortgage and deem it inactive as evidence by the nominee for mortgagee MERS website where the mortgage is
listed in an inactive status

The Plaintiff was the issuer of the negotiable instrument identified in this case as the "note".  The said note that
was issued to  Opteum Financial Services LLC was never intended by the maker ("Plaintiff") to be used as a
promissory note.  There is nothing in the record that evidence that Opteum Financial Services LLC ever enforced
the note as a promissory note.  Opteum Financial Services LLC transferred the asset "note" into a securitization.
After the second closing, MERS as nominee for mortgagee deemed the mortgage inactive which terminated the
Plaintiff's alleged debt obligation under the mortgage.  Plaintiff has entered into the records proof that the mortgage
in this case was / is inactive. which is the note and which shows the status of the Plaintiff's mortgage being inactive
according to MERS website.  This verifiable proof entered into the record by the Plaintiff that his mortgage was /
is inactive. this also creates reasonable doubt and rebuts the presumptions that the allegation in the Plaintiff's claim
is true and shifts the burden of proof over to the Defendants to prove their case and demonstrate for the court how an
inactive mortgage can qualify for foreclosure and entitle it to relief.

STATEMENT OF QUESTION INVOLVED

1. Should the court dismiss the Defendant's foreclosure claim for lack of insufficient specificity for failure to
   provide convincing evidence that the Plaintiff's mortgage is / was not inactive as evidence on MERS website?

   SUGGESTED ANSWER: YES

2. Should the court dismiss the Defendant's claim for lack of standing since they have failed to prove the mortgage
   as being valid?

   SUGGESTED ANSWER: YES

3. Should the court dismiss Defendant's claim for inclusion of a scandalous or impertinent matter by entering into
   the record false documentation of personal service falsely describing Plaintiffs?

5

SUGGESTED ANSWER: YES

4. Should the court dismiss Defendant's claim for lack of capacity to sue, because the original lender or its nominee for mortgagee has never filed an action in this court against the said Plaintiff?

SUGGESTED ANSWER: YES

5. Should the court dismiss Defendant's claim for failing to provide the regulations from the Secretary of HUD as required by the Plaintiff's Note that was originally issued to the original lender and its nominee for mortgagee, that regulates the right to accelerate the loan for the purpose of default

SUGGESTED ANSWER: YES

6. Should the court dismiss the Defendant's claim for failing to provide proof that the nominee for mortgagee did not give value and consideration for the Plaintiff's not?

SUGGESTED ANSWER: YES

7. If the Plaintiff's mortgage is listed in an inactive status with the date reflecting, wouldn't that make the Defendant's assignment of mortgage worthless and not enforceable?

SUGGESTED ANSWER: YES

FACTS

MERS who is the nominee for mortgagee and whom is also name after the beneficiary of the Security Deed holds only legal title to the interest granted by the "Borrower" Bacchus D. Jackson in the named Security Instrument. MERS has the right to exercise any or all of the interest, including but not limited to, releasing and canceling this security instrument. MERS chose in this case to cancel the security instrument evidence by the inactive MIN number on the website. Opteum Financial Services LLC who was the holder of the note took the instrument for value and consideration. Defendants Ditech Financial LLC, Opteum Financial Services LLC, and McCalla Raymer Leibert Pierce LLC were never is possession of the Note and has not provided this Court with the entire history of the transaction and accounting to prove that they somehow became the holder in due course by giving value and consideration to qualify themselves to have the rights to negotiate the note.

The Note was given to Opteum Financial Services LLC as a form of payment or security for an antecedent claim also known as a mortgage. However Opteum Financial Services LLC had full authority to enforce the note either a promissory note or a draft. Opteum Financial Services LLC decided to enforce the note as a draft and transfer the note into securitization which proves that the note was used as a form of payment when it was converted to cash during the second closing after the close out period. Which also proves why the mortgage was listed in an inactive status.

6

As the maker and issuer of said "note" identified in this case, the note was not issued as an incomplete instrument it was not intended to be used as a promissory note, and any alterations such as adding the word promissory to the word note or any changes to the numbers in the note would be in direct violation because as the maker and issuer of the original note that is listed in the case the Plaintiff did not assent to any changes nor has the Plaintiff ever been precluded from asserting any alteration to the note. The Plaintiff's mortgage is listed as inactive by the nominee for mortgagee MERS and any assignment of the mortgage that's listed in an inactive status that is identified by the MIN number is a worthless unenforceable assignment of mortgage that transfers no rights. There is nothing listed in the note or its instructions or its statement that establishes an inactive mortgage to become enforceable nor does the note establish an invalid mortgage assignee to acquire rights to the Plaintiff's note

ARGUMENT

Defendants failed to enter into the records specific information to which the Plaintiff believes they are entitled to relief regarding the below situations.

1.  Defendants alleges that the Plaintiffs signed a promissory note but has not entered into the record any proof that the Plaintiff did not issue the note to Opteum Financial Services LLC to be used for the purpose of a draft and not as a promissory note. To the contrary Opteum Financial Services LLC gave the Plaintiff value for their note which made Opteum Financial Services LLC holder in due course of the said note and in turn terminated Plaintiff mortgage and deem it inactive as evidence by the nominee for mortgagee MERS website where the mortgage is listed in an inactive status

2.  Defendants have not entered into the record evidence that Plaintiff's mortgage is / was not inactive as published by the nominee for mortgagee MERS website

3.  Plaintiff is the issuer and creator of the note and therefore determines the intent of the note. Furthermore the Plaintiff gave the note to Opteum Financial Services LLC and was given value and consideration for their asset as evidence by MERS website showing the mortgage in an inactive status. Defendant has not entered into the record evidence to the contrary

4.  Defendants have not shown how an alleged assignment of a published inactive mortgage gives them the right to foreclose against the Plaintiff

5.  Defendants claims that they are not required to be registered to do business in the state of Georgia. Referring to activities allowed by foreign filing association or foreign limited liability partnership which Defendants are

7

neither.  Ditech Financial LLC and Opteum Financial Services LLC are not registered to do business in the state of Georgia as stated by the Defendants in their response

6.  The Defendants is a non registered foreign unincorporated  association (business trust) and has failed to take the appropriate steps to properly register as a foreign business trust and does not qualify to do business in the state of Georgia

7.  Plaintiff's note clearly states in point number 3 under "Promise To Pay Secured" that Borrower's promise to pay is secure by a mortgage, security deed or similar security instrument that is dated the same date as this Note and called the Security Instrument. The Security Instrument protects the Lender from losses which might result if Borrowers defaults under this Note. Since Borrowers mortgage was deemed inactive by MERS who is the nominee for mortgagee evidenced by their website, there is no promise to pay because the debt was satisfied and given value and consideration

8.  Plaintiff's note also states under Borrower's Failure To Pay under subsection Default "This note does not authorize acceleration when not permitted by HUD regulations" This renders the Defendants alleged claim of right in this action to accelerate the loan void according to the stipulations of the Plaintiff's "Note".  The Defendants have not provided this court with anything from Secretary of HUD that qualifies that a delegation of authority or the required regulations of HUD that would grant the Defendant in this case authority or the required regulations of HUD that would grant the Defendants in this case authority to accelerate a loan an alleged default that it claims it has rights to do.

9.  Plaintiff, Opteum Financial Services LLC and MERS were all entitled to enforce the "Note" instrument because they were all holders of the note and were entitled to the rights of a holder.  Ditech Financial LLC, Opteum Financial Services LLC and McCalla Raymer Leibert Pierce LLC ("Defendant") was never a holder of the note because the mortgage was deemed inactive prior to their alleges assignment.  The note and mortgage separated as evidence by the inactive mortgage status

10. MERS who is nominee for mortgagee and whom is also name after the beneficiary on the Security Deed holds only legal title to the interest granted by the Borrower Bacchus Jackson in the name Security Instrument.  MERS has the right to exercise any or all of the interest, including but not limited to releasing and canceling this security instrument.  MERS chose in this case to cancel the security instrument evidenced by the inactive MIN number on their website. Opteum Financial Services LLC who was the holder of the note took the instrument for

8

value and consideration. However Defendant Ditech Financial LLC, Opteum Financial Services LLC nor McCalla Raymer Leibert Pierce LLC was never in possession of the note and has not provided this court with the entire history of the transaction and accounting to prove that they somehow became the holder in due course by giving value and consideration to qualify themselves to have rights to negotiate the note

11. Plaintiff entered into the records proof that the mortgage in this case is / was inactive which is the note and which shows that status of Plaintiff's mortgage according to MERS website. The MIN number on MERS website evidence the same MIN number on the note and is listed in the status of inactive. This is verifiable proof entered into the record by the Plaintiff that his mortgage is / was inactive. Defendants have not entered anything into the record to the contrary that shows that shows Plaintiff's mortgage not inactive

12. Defendants also claim that the mere act of making a loan in Georgia by a foreign association that is not in the business of making loans does not constitute doing business in Georgia. Again Defendant is not a foreign association and did not create or make any loans in this case. The only creator of this note is Opteum Financial Services LLC

13. The note was given to Opteum Financial Services LLC as a form of payment. However Opteum Financial Services LLC had full authority to enforce the note as either a promissory note or a draft. Opteum Financial Services LLC decided to enforce the note as a draft and transfer the note into a securitization which proves that the note was used as a form of payment when it was converted to cash during the second closing after the closing out period. Which also proves why the mortgage was listed in an inactive status

14. The Plaintiff was the issuer of the negotiable instrument identified in this case as the "note". The said note that was issued to Opteum Financial Services LLC was never intended by the make ("Plaintiff") to be used as a promissory note. There is nothing in the record that evidence that Opteum Financial Services LLC ever enforced the note as a promissory note. Opteum Financial Services LLC transferred the asset "note" into a securitization. After the second closing, MERS as nominee for mortgagee deemed the mortgage inactive which terminated the Plaintiff's alleged debt obligation under the mortgage. The Defendants have note provided this court with any evidence to the contrary

15. The Plaintiff's mortgage is listed as inactive by the nominee for mortgagee MERS and any assignment of the mortgage that's listed in an inactive status that is identified by the MIN number is a worthless, unenforceable assignment of mortgage that transfers no rights. There is nothing listed in the note or its instructions or its

9

statement that established an inactive mortgage to become enforceable nor does the note establish an invalid mortgage assignee to acquire rights to the Plaintiff's note.

RELIEF

WHEREFORE the objecting Plaintiff assert their response and answer to the Courts Order. Based on lack of jurisdiction, failure of a pleading to conform to this chapter or the inclusion of scandalous or impertinent matter, lack of sufficient specificity of a pleading, lack of legal insufficiency of a pleading, lacks the capacity to sue, nonjoinder of a necessary party or misjoinder of a cause of action and lack of standing of a party to participate in the proceeding. Plaintiff's "Note" was tendered for the exact amount of mortgage. The mortgage was deemed inactive by the nominee for mortgage MERS. There is nothing in the record that proves the original lender Opteum Financial Services LLC enforced the note as a promissory note. However again as stated above because the mortgage has been placed in an inactive status MERS which establishes that there is no active mortgage therefore would not entitle the Defendants to relief. This Court lacks a justifiable cause because the only way for the Defendants to be entitle to relief in this case, there would have to be an active. Plaintiff's mortgage is discharged if a person against whom claim is asserted proves that the person in good faith tendered an instrument to the claimant as full satisfaction of the claim. Furthermore which states a claim is discharged if the person against whom the claim is asserted proves that within a reasonable time before collection of the instrument was initiated the claimant or an agent of the claimant having direct responsibility with respect to dispute obligation knew that the instrument was tendered in full satisfaction of the claim

Plaintiff respectfully requests that the Court will declare that the mortgage obligation has been satisfied as evidence on the MERS website where the note has an inactive status, prevent any future attempts from anyone to sell and or evict Plaintiff from his property and award damage and costs associated with this action for no less than $2,000,000.00 in addition to any other legal and equitable relief to which Plaintiff is entitled to including damages for pain and suffering and damages from anyone that unjustly enriched themselves from the above property 1130 East Shoreview Road, McDonough, Georgia 30253

10

This 15th day of March, 2018

Bacchus D. Jackson

Bacchus D. Jackson
1130 East Shoreview Road
McDonough, Georgia 30253

11

CERTIFICATE OF SERVICE

I, Bacchus D. Jackson is an ordinary citizen, trying to accomplish the American dream of home ownership.

Bacchus D. Jackson and Bacchus D. Jackson reside at 1130 East Shoreview Road, McDonough, Georgia

30253. At all times relevant to this Complaint, Ditech Financial LLC, Opteum Financial Services LLC and

McCalla Raymer Leibert Pierce LLC have operated a business in the United States

Ditech Financial LLC
7360 S Kyrene Road
Tempe, AZ 85284

McCalla Raymer Leibert Pierce LLC
1544 Old Alabama Road
Roswell, Georgia 30076

Ditech Financial LLC
PO Box 6172
Rapid City, SD 57709

Bacchus D. Jackson

Bacchus D. Jackson
1130 East Shoreview Road
McDonough, Georgia 30253

## VERIFICATION

Personally appeared before me, undersigned attested officer, I /states under oath that the facts contained

in the Foregoing complaint is true and correct to the best of my knowledge.

Names:        *Bacchus D. Jackson* (signature)
              Bacchus D. Jackson


Address:      Street ___                    City                State            Zip
              1130 East Shoreview Road      McDonough           GA               30253


Phone:        (404) 218-0446



Sworn To and Subscribed Before Me

This _29_ day of _March_ 2018

Notary Public _(signature)_

My Commission Expires ___

OFFICIAL SEAL
STEFFANIE HORNE
Notary Public, Georgia
ROCKDALE COUNTY
My Commission Expires
APRIL 21, 20 22

12

IN THE SUPERIOR COURT OF HENRY COUNTY
STATE OF GEORGIA

Bacchus D. Jackson                                    Civil Case Number

Plaintiff,                          **FILED IN OFFICE**
                                    **HENRY COUNTY**
vs                                  **SUPERIOR COURT**

Ditech Financial LLC,                    APR 0 2 2018
Opteum Financial Services LLC,
McCalla Raymer Leibert Pierce LLC        *Barbara A Harrison*
                                    **CLERK OF SUPERIOR COURT**
Defendants.

MOTION FOR TEMPORARY RESTRAINING ORDER AND / OR PRELIMINARY INJUNCTION

COME NOW, Plaintiff, Bacchus D. Jackson files Petition for Temporary Restraining Order and / or

Preliminary Injunction pursuant to Uniform Superior Court Rules 6.7,[2] and O.C.G.A. §9-11-65(b) against

the listed Defendants.

PARTIES TO THE ACTION

1.  Plaintiff at all times relevant has resided at 1130 East Shoreview Road, McDonough, Georgia

    30253

2.  Ditech Financial LLC. was served with Motion, through the attorneys pursuing foreclosing

    proceeding McCalla Raymer Leibert Pierce LLC, 1544 Old Alabama Road, Roswell, Georgia

    30076; and by sending copy directly to Ditech Financial LLC., P.O. Box 6172, Rapid City, SD

    57709.

    1.  One of the people of Georgia, the Sovereign spoken of in YickWo vs. Hopkins 118 U.S. 356
        (1886) http://caselaw.lp.findlaw.com/scripts/getcase.pl?court=US&vol=118&invol=356

    2.  U.S.C.R Rule 6.7: "…judge may shorten or waive the time requirement applicable to
        emergency motions … The motion shall set forth in detail the necessity for such expedited
        procedure."

    3.  Referred to hereinafter as "Ditech Financial LLC." Plaintiff is unsure whether Ditech
        Financial LLC., or other entity is holder of the note, as Ditech Financial LLC. failed to
        properly disclose the information upon request through qualified written request.

BRIEF BACKGROUD

4.  Plaintiff executed a Security Deed for the property 1130 East Shoreview Road, McDonough,

    Georgia 30253in favor of Ditech Financial LLC.

5.  At all time since recordation the Plaintiff's Deed, to the best the Plaintiff's knowledge and

1

belief, the loan had continually been with Ditech Financial LLC.; the Plaintiff's contact information has remained the same.

6. Plaintiff has been denied actual knowledge in violation of state, federal statues and FDCPA and RESPA, of the holder of the note at present, and failure to disclose to Plaintiff whether or not Ditech Financial LLC. transferred the note to a "party unknown" different division within Ditech Financial LLC.

7. Defendants knowingly, willingly, and wantonly acted in bad faith and blatant disregard of Plaintiff's property Rights, Federal Law and Georgia Statutes in an attempt to perpetrate a fraud and wrongfully foreclosed upon subject real property.

8. Defendants executed a Notice of Default and Notice of Sale under Power, without providing Plaintiff proper Notice as required by Georgia Law.

9. To the best of the Plaintiff knowledge and belief and from what she learned from Henry county; the Security Deed recorded is the most current Deed of record for the subject residential properties.

10. Without notifying the Plaintiff the required thirty (30) days prior to the Defendants began pursuing foreclosure of Plaintiff's property.

11. Defendants foreclosure proceeding upon the subject property violates OCGA §44-14-162(b)

12. Notice requirements of O.C.G.A. § 44-14-162 were changed from 15 days to 30 days when Governor Perdue signed into law Senate Bill 531.

13. The date of sale was set without intervention from this Court

14. Defendants actions violated Plaintiff's rights to make request under The Fair Debt Collection Practices Act.

15. These Defendants knowingly, willingly, wantonly, fraudulently and illegally continue to pursue the Sale under Power in direct violation of the Fair Debt Collection Practices Act, § 809(b):

The Fair Debt Collection Practices Act, § 809(b)
(b) "If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt or any disputed portion thereof until the debt collector obtains

2

verification of the debt or any copy of a judgment or the name and address of the original creditor and a copy of such verification of judgment or name and address of the original creditor is mailed to the consumer by the debt collector."

16. Defendants knowingly willingly, wantonly, fraudulently and illegally continued to pursue the Sale under Power in direct violation of the Real Estate Settlement Procedures Act.

17. Although requests for information has been repeatedly made, Plaintiff was never supplied with proper evidence that Ditech Financial LLC. was still in fact the legal holder of the mortgage.

18. There have been no further mortgage, security deed, assignment, lien contract transfer or conveyance recorded for the subject property to Plaintiff's knowledge.

19. Defendants' foreclosure upon the subject residential property violated OCGA § 44-14-162(b)

OCGA § 44-14-162(b)
"The security instrument or assignment thereof vesting the secured creditor with little to the security instrument shall be filed prior to the time of sale in the office of the clerk of the superior court of the county in which the real property is located."

20. The Plaintiff's knowledge and belief, there is no Note on the Official Record to secure the above reference Security Deed.

21. To date, Defendants knowingly, willingly and wantonly failed to adhere to the mandate of Federal and state law which would have property alerted Plaintiff to request Ditech Financial LLC to produce the original promissory note.

22. Allowing the Sale under Power to be completed exposed Plaintiff to potentially ruinous financial liability also was a direct violation of The Due Process Clause and numerous Constitutional guarantees concerning property.

MEMORANDUM OF LAW IN SUPPORT OF TRO AND / OR PRELIMINARY INJUNCTION

23. Plaintiff Bacchus D. Jackson incorporates fully and by this specific reference the statements in paragraphs 1 through 22 of this Motion / Complaint as stated fully herein.

"A motion for interlocutory injunction or a TRO is an extraordinary motion, which is time sensitive; unlike other motions because it seeks to preserve the status quo until a full hearing can be held to avoid irreparable harm." Focus Entertainment International, Inc., v. Partridge Greene, Inc. (253 Ga. App. 121)(558 SE2d 440) (2001).

24. The Focus Court went on to explain that foreclosure is one such instance which

3

"injunction is appropriate" because "when an interest in land is threatened with harm", "such harm is deemed to be irreparable to the unique character of the property interest, i.e., money damages are not adequate compensation to protect the interest harmed." See the following:

> "(a) Land, under Georgia law is deemed sufficiently unique that it is entitled to equitable remedies to protect such interest in land. Rife v. Corbett, 264 Ga. 871 (455 SE2d 581) (1995) (injunction to protect an easement); Benton v. Patel, 257 Ga. 669, 672 (1) (362 SE2d 217) (1987) injunction to stop foreclosure); Black v. American Vending Co., 239 Ga. 632, 634 (2) (238 SE2d 420) (1977) ("the law regards as sufficiently unique that equity will enforce a contract for [land] sale or lease"); Clark v Cagle, 141 Ga. 703, 705-706 (1) (82 SE 21) (1914) (specific performance of contract to sell land). Therefore, when an interest in land is threatened with harm, equitable injunctive relief is appropriate, because such harm is deemed to be irreparable to the unique character of the property interest, i.e., money damages are not adequate compensation to protect the interest harmed. See generally Central of Ga. R. Co. v. Americus Constr. Co., 133 Ga. 392, 398 (65 SE 855) (1909) (irreparable injury defined to enjoin a nuisance); see also Roth v. Connor, 235 Ga. App. 866, 868-869 (1) (510 SE2d 550) (1998) (property interests of grantor and others in restrictive covenants of their benefits)."

25. Plaintiff made a showing that without an Order granting a Temporary Restraining Order or Preliminary Injunction, Plaintiff will be irreparably harmed. Further, Plaintiff Petition is Verified, Plaintiff has shown the court, that had she been properly, legally Noticed before foreclosure action began, she would have taken proper steps to prevent such action. Plaintiff has further shown the Court that she had been pursuing information on Plaintiff's Mortgage from the Defendants.

25. Plaintiff requested documents from Ditech Financial LLC.

26. Ditech Financial LLC. has shown a practice or pattern of refusing to produce the necessary documents requested in violation of RESPA 2605(e)

27. In times such as now, with mortgage fraud at the highest level in history, there has to be some evidence verifying that loan presented to you when requested. Plaintiff been denied his Rights to notify "the debt collector in writing within the thirty-day period described in subsection (a) that the debt or any portion thereof is disputed or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt or any disputed portion thereof until the debt collector obtains verification of the debt or any copy of a judgment or the name and address of the original creditor and a copy of such verification or judgment or name and address of the original creditor is mailed to the consumer by the debt collector." O.C.G.A. § 9-11-65 allows the Court to grant such Order

4

without notice to opposition in certain circumstances.

O.C.G.A. §9-11-65

(b) Temporary restraining order; when granted without notice duration; hearing application to dissolve or modify. "A temporary restraining order may be granted without or oral notice to the adverse party or her attorney only if: (l) It clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss or damage will result to the applicant before the adverse party or her attorney can be heard in opposition; and (2) ... certifies to the court, in writing, the efforts if any, which have been made to give the notice and the reasons supporting the party's claim that notice should not be required.

28. Further, because Defendants would have been required to cease all foreclosure proceedings until such time as the debt was validated; and Plaintiff is ignorant of the true identity of the actual holder in due course with Ditech Financial LLC.. Therefore, allowing the Sale under Power to be completed exposed Plaintiff too potentially ruinous financial liability in the event that the actual holder in due course should one day make a claim upon the Note.

CONCLUSION AND PRAYER FOR RELIEF

Plaintiff incorporates fully and by this specific reference the statements in paragraph 1 through 29 as if stated fully herein.

Plaintiff in this matter, would have approached the Defendants in the proper manner as required by law in good faith attempt to remedy what could result in the loss of Plaintiff's property through no fault of her own. The Defendants on the other hand refused to adhere to the mandatory state and federal laws that would have allowed Plaintiff to obtain requested documented evidence of their claims, blatantly showing bad faith and a healthy lack of respect for the laws of this state.

Plaintiff has shown that Defendants violated Plaintiff's rights under the Fair Debt Collection Practices Act thereby entitling Plaintiff to all appropriate relief provide for by statute

Plaintiff has shown that Defendants violated Plaintiff's rights under RESPA. Plaintiff regret the emergency nature of this petition and prays the Courts Grant the following relief:

(a). GRANT an Temporary Restraining Order and/or Preliminary Injunction preventing the foreclosure of Plaintiff from certain real property 1130 East Shoreview Road, McDonough, Georgia 30253.

(b). COMPEL Production of the Original Promissory Note(s).

5

(c). COMPEL proof of any assignment, lien or any other instrument that proves any claim by any alleged holders in due course.

(d). COMPEL validation of the alleged Debt.

(e). COMPEL verification of the loan number and the use the correct loan number in any proceeding henceforth.

(f). COMPEL compliance with OCGA § 44-14-162 (b)

(g). COMPEL compliance with Plaintiff's continue request for certain documentation

(h). GRANT Plaintiff any and all other and or further relief allowed by law and or which the Court deems just and proper.

Respectfully submitted this 15th day of March, 2018


Bacchus D. Jackson


Bacchus D. Jackson
1130 East Shoreview Road
McDonough, Georgia 30253


6

CERTIFICATE OF SERVICE

I Bacchus D. Jackson, title holder and mortgagor, certify that I have notified all parties a true and correct

copy of the attached VERIFIED EMERGENCY MOTION FOR TEMPORARY RESTRAINING

ORDER AND / OR PRELIMINARY INJUNCTION first class pre-paid United State Postal Service, with

sufficient postage affixed thereon, to:

Ditech Financial LLC
7360 S Kyrene Road
Tempe, AZ 85284

McCalla Raymer Leibert Pierce LLC
1544 Old Alabama Road
Roswell, Georgia 30076

Ditech Financial LLC
PO Box 6172
Rapid City, SD 57709

This 15th day of March, 2018

Bacchus D. Jackson

Bacchus D. Jackson
1130 East Shoreview Road
McDonough, Georgia 30253

7

IN THE SUPERIOR COURT OF HENRY COUNTY
STATE OF GEORGIA

Bacchus D. Jackson                                            Civil Case Number

Plaintiff,

FILED IN OFFICE
HENRY COUNTY
SUPERIOR COURT

vs

Ditech Financial LLC,                                    APR 0 2 2018
Opteum Financial Services LLC,
McCalla Raymer Leibert Pierce LLC

*Barbara A Harrison*
CLERK OF SUPERIOR COURT

Defendants.

MOTION FOR DECLARATORY RELIEF TO SET ASIDE FORECLOSURE FOR INJUNCTIVEE
RELIEF AND PETITION FOR QUIET TITLE

NOW COMES Plaintiff and Petitioner Bacchus D. Jackson who alleges as follows:

INTRODUCTION AND NATURE OF THE DISPUTE

This dispute arise out of an unlawful foreclosure proceeding under power of sale of Plaintiff's property

by the Defendants Ditech Financial LLC, Opteum Financial Services LLC and McCalla Raymer Leibert

Pierce LLC. Georgia law is clear that entities foreclosing upon homeowners must strictly comply with

Georgia's statutory prerequisites in order to foreclose. O.C.G.A. § 23-2-114. The foreclosure proceeding

was conducted by Defendants concerning Plaintiff's property was unlawful and fatally deficient in

numerous respects, including: It is being conducted by Ditech Financial LLC which was merely the

mortgage servicer and as such lacks the authority and standing to conduct the foreclosure proceedings;

no notice was provided to the Plaintiff prior to the sale of by the "secured creditor" with the contact

information of an individual with authority to negotiate and amend the terms of the mortgage, as required

by O.C.G.A. § 44-14-162.2(a); the recorded deed failed to give Ditech Financial LLC the power of

authority to execute a foreclosure sale; and no deed under power has been recorder by a secure creditor

with power to foreclose, as required by O.C.G.A. § 44-14-160 and O.C.G.A. § 44-14-162(b).  Plaintiff

seeks a declaration that the foreclosure proceeding is unlawful and to set aside the foreclosure.  Plaintiff

also seeks an injunction regarding any transfer and sale proceedings resulting from the unlawful foreclosure

proceeding and to quiet to the property solely to the Plaintiff, including rescission of the purported

mortgage interest held by Defendants.

8

## PARTIES

1. Plaintiff is a resident of the State of Georgia and resides in Henry County

2. Ditech Financial LLC. is a Texas corporation with its principal place a business in Tempe, AZL

## JURISDICTION AND VENUE

3. Ditech Financial LLC. has substantial contacts and resides within and does business is the State of Georgia and Henry County. The actions and/or omissions giving rise to this Motion and Petition occurred in Henry County.

4. The property which forms the basis for this Motion and Petition is located in Henry County and is in the possession of Plaintiff.

## BACKGROUND AND STATEMENT OF FACTS

5. Plaintiff purchased property located at 1130 East Shoreview Road, McDonough, Georgia 30253 (the property). Plaintiff financed the purchase of the property with a mortgage originally underwritten by the lender

6. The lender is named in the security deed as "Lender" and the lender therefore is the legally-recognized secured creditor.

7. The Security Deed contains a "power of sale" clause on page 365 which states that the "Lender" is authorized to exercise the power of sale in certain circumstances.

8. The Security Deed also names Mortgage Electronic Registration Systems Inc. ("MERS) as the mortgage loan servicer. Specifically, the Security Deed states that "MERS" is a separate corporation that is acting *solely as a nominee* for the lender. Thus, MERS simply acted as Lender's servicing agent; at no time did MERS have a secured interested in the property.

9. MERS assigned its interest in Plaintiff's Security Deed i.e., MERS's rights as the secured creditor's nominee and servicing agent to Ditech Financial LLC.. that assignment is recorder at Henry County.

10. On information and belief Ditech Financial LLC. is merely the servicer of the mortgage of on Plaintiff property; Ditech Financial LLC. does not now and never been a secured creditor in that property.

11. On information and belief the secured creditor on Plaintiff was Ditech Financial LLC.

9

12. Ditech Financial LLC. not "party unknown" or any other secured creditor sent Plaintiff a letter notifying her that Ditech Financial LLC. was exercising the power of sale clause in the Plaintiff mortgage agreement and intended to conduct a non-judicial foreclosure and sale of the property. Ditech Financial LLC identified an employee with whom Plaintiff purportedly could correspond concerning the foreclosure proceedings. No representative of the secured creditor with whom Plaintiff could discuss the foreclosure was never identified to Plaintiff.

13. Plaintiff encountered a stone wall when she attempted to contact Ditech Financial LLC representative identified by Ditech Financial LLC as being a person who could help resolve this matter. Numerous calls went unreturned and representative Plaintiff finally did reach simply referred Plaintiff to another Ditech Financial LLC . Finally one of Ditech Financial LLC representative informed Plaintiff that Ditech Financial LLC did not have the authority to negotiate, amend or otherwise discuss a modification of Plaintiff mortgage because they were just the servicer of the loan. Plaintiff was told as the holder of the mortgage had that authority. Moreover, Plaintiff was informed that once the foreclosure proceeding begun there was no point in communicating because the mortgage obligation could not be modified.

14. Ditech Financial LLC. the loan servicer commenced the non-judicial foreclosure proceedings of Plaintiff's property pursuant to the power of sale by providing the public notice required by O.C.G.A. § 44-14-162. The only security instrument "vesting the secured creditor with title to security instrument" which was filed prior to the foreclosure proceedings as required by O.C.G.A. § 44-14-162(b) fails to Ditech Financial LLC. as having authority to conduct the foreclosure under power of sale.

15. At the conclusion of that notice period Ditech Financial LLC. purportedly sold the property purporting to transferring title to "party unknown". In that Under Power Ditech Financial LLC. falsely referred to itself as the "Lender" a designation which is flatly contradicted by the original security deed documentation.

FIRST CAUSE OF ACTION – SETTING ASIDE UNLAWFUL FORECLOSURE

16. Plaintiff incorporates and restates paragraphs 1 through 15 as if set forth in full herein

17. Defendants did not and does not have authority to foreclose on Plaintiff's mortgage or property.

10

On information and belief Ditech Financial LLC. was not the original lender on Plaintiff's mortgage but merely purports to be an assignee of the debt. On information and belief Defendants were not legally assigned the mortgage or otherwise has standing to enforce that obligation to foreclose on Plaintiff's property. There is recorded evidence in the chain of title of any legally valid document which gave any Defendants authority to foreclose on Plaintiff's property

18. Moreover, even if Ditech Financial LLC. is the legal owner of the mortgage the foreclosure attempt and transfer of Plaintiff's property being conducted by Ditech Financial LLC. Ditech Financial LLC is and at all relevant times was merely the servicer of the mortgage, not a "secured creditor". At no time relevant to this Petition and Complaint was Ditech Financial LLC. owner of the mortgage or did it hold any equity position with respect to the mortgage. Therefore Ditech Financial LLC lacks standing and authority to foreclose on Plaintiff's mortgage and transfer her property.

19. Moreover the foreclosure attempt is be conducted in violation of O.C.G.A. § 44-14-162.2 compliance with which is condition precedent to any lawful foreclosure and transfer of property. That statute requires that "[n]otice of the initiation of proceeding to exercise the power of sale in a mortgage, security deed or other lien contract shall be given to the debtor *by the secured creditor* no later than 30 days before the date of the proposed foreclosure sale date. Such notice shall be in writing shall include the name, address and telephone number of the individual or entity who shall have full authority to negotiate amend and modify all terms of the mortgage with the debtor."

20. The notice sent to Plaintiff listed a Ditech Financial LLC. representative who informed Plaintiff that Ditech Financial LLC. did not have authority to negotiate a restructuring of the mortgage obligation. Rather Ditech Financial LLC. representative told Plaintiff only "party unknown" as the owner of the loan and therefore the "secured creditor" had that authority. Thus, the foreclosure notice sent to Plaintiff was insufficient and failed to comply with the statute.

21. Defendants have also failed to comply with O.C.G.A. § 44-14-160 which requires that "[w]ithin 90 days of a foreclosure sale, all deeds under power shall be recorded by the holder of a deed to secure debt or a mortgage ...." On information and belief Defendant have failed to record any such deed.

11

WHEREFORE, Plaintiff pray that:

1. The non-judicial foreclosure proceeding of Plaintiff's property conducted be set aside

2. The Plaintiff's mortgage be cancelled and rescinded;

3. That Defendants be enjoined from taking any further action in purported furtherance of the foreclosure Plaintiff's property.

4. Any action to foreclose, dispossess or evict Plaintiff from the property be enjoined;

5. That Plaintiff be awarded the costs of this suit, including attorneys' fees and

6. That this Court grant such further legal and equitable relief as is just.

## SECOND CAUSE OF ACTION-QUIET TITLE

22. Plaintiff incorporates and restates paragraphs 1through 22 as if set forth in full herein

23. As alleged above, a dispute and/or cloud upon the title exists with respect to the property as defined in O.C.G.A. § 23-3-62 this dispute concerns the land described and defined above, with respect to which Plaintiff claims an ownership interest evidenced by a written deed. Plaintiff verifies this Petition below and attaches hereto a plat of survey of the land, a pit of the deed upon which the petitioner's interest is based and copies of the invalid security interests-if any-which appear in the recorded chain of title.

24. A copy of a lis pendens required by O.C.G.A. § 23-3-62(d) is attached to and is contemporaneously filed with this Complaint and Petition.

WHEREFORE, Plaintiff prays that:

1. That the Court take jurisdiction of this matter as an action in rem requiring the appointment of a special master pursuant to O.C.G.A. § 23-3-63:

2. That the Court appoint such special master and that this proceeding be referred to said special special master by proper order pursuant to said code section;

3. That all issues of fact be tried by jury as provided in O.C.G.A. § 23-3-67;

4. That the non-judicial foreclosure proceeding of her property be set aside;

5. That Plaintiff's mortgage be cancelled and rescinded and that Plaintiff have a judgment

establishing title in the in the property in the estate against all the world and that all clouds

upon the title to said land, including the purported deed from Plaintiff to Defendants be

cancelled and removed;

6. Defendants be enjoined from taking any further action in purported furtherance of the

foreclosure, sale, transfer and eviction of Plaintiff's property;

7. That this Court order the Defendants have no legally recognizable interest in the property

8. That Defendants be enjoined from taking further action to foreclose sell dispossess or eviction

or evict Plaintiff from the property; and

9. That Plaintiff be awarded the cost of this suit, including attorneys' fees; and

10. That this Court grant such further legal and equitable relief as is just.


Respectfully submitted this 15th day of March, 2018


Bacchus D. Jackson
Bacchus D. Jackson


Bacchus D. Jackson
1130 East Shoreview Road
McDonough, Georgia 30253

13

## CERTIFICATE OF SERVICE

I Bacchus D. Jackson, title holder and mortgagor, certify that I have notified all parties a true and correct copy of the attached MOTION FOR DECLARATORY RELIEF TO SET ASIDE FORECLOSURE FOR INJUNCTIVEE RELIEF AND PETITION FOR QUIET TITLE first class pre-paid United State Postal Service, with sufficient postage affixed thereon, to:

Ditech Financial LLC
7360 S Kyrene Road
Tempe, AZ 85284

McCalla Raymer Leibert Pierce LLC
1544 Old Alabama Road
Roswell, Georgia 30076

Ditech Financial LLC
PO Box 6172
Rapid City, SD 57709

This 15th day of March, 2018

Bacchus D. Jackson

Bacchus D. Jackson
1130 East Shoreview Road
McDonough, Georgia 30253

14

IN THE SUPERIOR COURT OF HENRY COUNTY
STATE OF GEORGIA

Bacchus D. Jackson

Plaintiff,

vs

Ditech Financial LLC,
Opteum Financial Services LLC,
McCalla Raymer Leibert Pierce LLC

Defendants.

Civil Case Number

*18 CV 0976 KM*

### LIS PENDENS NOTICE

To Whom It May Concern:

1. Notice is given that the above action was filed in the above court on January 30, 2018 by Bacchus D. Jackson, Plaintiff, against Ditech Financial LLC, Opteum Financial Services LLC and McCalla Raymer Leibert Pierce LLC.  The action affects  title to 1130 East Shoreview Road, McDonough, Georgia 30253.. Bacchus D. Jackson seeks to set aside wrongful foreclosure attempt.

2. Take notice that I Bacchus D. Jackson; Plaintiff, have this day filed a counter suit and Petition in Henry County Superior Court against Defendants Ditech Financial LLC, Opteum Financial Services LLC.  Civil Action  *18CV0976 KM*        (the "action")

3. In that action, Plaintiff is seeking to set aside the foreclosure attempt proceeding instituted by or on behalf of Defendants, which purported to transfer title to Plaintiff's property located at 1130 East Shoreview Road, McDonough, Georgia 30253 to Ditech Financial LLC, Opteum Financial Services LLC; Plaintiff in the action seek to enjoin any transfer and sell of Plaintiff property and to enjoin any effort to foreclosure, dispossess and or evict Plaintiff from Plaintiff's property.

### NOTICE OF STAY AND ADVERSE CLAIM

This Lis Pendens shall serve as a notice of pending adverse claim serving as a legal Impediment and stay against any bona fide purchasers for value at foreclosure sale pursuant to 12 USC 3752(1) cited herein as Section 3752 Definitions For purpose of this chapter, the following definition shall apply:

1

1.  Bone fide purchaser: the term "bona fide purchaser" means a purchaser for
    value in good faith and without notice of any adverse claim, and who acquires
    The security property free of any adverse claim.

This 15th day of March, 2018

Bacchus D. Jackson

Bacchus D. Jackson
1130 East Shoreview Road
McDonough, Georgia 30253

CERTIFICATE OF SERVICE

I Bacchus D. Jackson, title holder and mortgagor, certify that I have notified all parties a true and correct

copy of the attached LISPENDENS NOTICE first class pre-paid United States Postal Service, with

sufficient postage affixed thereon, to:

Ditech Financial LLC
7360 S Kyrene Road
Tempe, AZ 85284

McCalla Raymer Leibert Pierce LLC
1544 Old Alabama Road
Roswell, Georgia 30076

Ditech Financial LLC
PO Box 6172
Rapid City, SD 57709

This 15th day of March, 2018

Bacchus D. Jackson

Bacchus D. Jackson
1130 East Shoreview Road
McDonough, Georgia 30253